## RECORD NO. 13-4823

IN THE

# United States Court of Appeals

## FOR THE FOURTH CIRCUIT

---

### UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

### FRED YAO BOADU,

*Defendant-Appellant.*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE  DISTRICT OF MARYLAND
AT GREENBELT

(Honorable Deborah K. Chasanow, Chief, U. S. District Court Judge)

---

### OPENING BRIEF OF APPELLANT
### FRED YAO BOADU

---

William C. Brennan, Jr.
William A. Mitchell, Jr.
BRENNAN McKENNA MANZI
SHAY LEVAN CHARTERED
6305 Ivy Lane, Suite 700
Greenbelt, Maryland 20770
(301) 474-0044 Telephone
wbrennan@bsm-legal.com
wmitchell@bsm-legal.com

*Counsel for Appellant*

June 10, 2014

**LANTAGNE LEGAL PRINTING** 801 East Main Street Suite 100 Richmond, Virginia  23219 (804) 644-0477
A Division of Lantagne Duplicating Services

# TABLE OF CONTENTS

Table of Authorities ................................................................................. ii

Statement of Subject Matter Jurisdiction & Appellate Jurisdiction ......................... 1

Statement of the Issues ............................................................................. 1

Statement of the Case ............................................................................... 2

Statement of the Facts .............................................................................. 3

Summary of Arguments .............................................................................. 7

Arguments ............................................................................................... 7

      I.    THE DISTRICT COURT COMMITTED REVERSIBLE ERROR IN CLASSIFYING MR. BOADU AS A CAREER OFFENDER PURSUANT TO U.S.S.G § 4B1.1 BECAUSE "THE PROVISIONS OF §4A1.2 (DEFINITIONS AND INSTRUCTIONS FOR COMPUTING CRIMINAL HISTORY) ARE APPLICABLE TO THE COUNTING OF CONVICTIONS UNDER § 4B1.1," AND, THEREFORE, MR. BOADU'S CONVICTION IN A THIRTEEN-YEAR-OLD CONVICTION FALLS OUTSIDE THE TIME PERIOD REQUIRED TO CLASSIFY HIM AS A "CAREER OFFENDER." .......... 7

      II.    THE DISTRICT COURT COMMITTED REVERSIBLE ERROR IN SUBJECTING MR. BOADU TO ENHANCED MANDATORY MINIMUM SENTENCING BECAUSE MANDATORY MINIMUM SENTENCES INCREASE THE PENALTY FOR A CRIME, AND ANY FACT THAT INCREASES THE PENALTY FOR A CRIME IS AN "ELEMENT" OF THE CRIME THAT MUST BE SUBMITTED TO THE JURY AND PROVEN BEYOND A REASONABLE DOUBT ........................................................... 17

Conclusion ............................................................................................. 18

Request for Oral Argument ......................................................................... 18

Certificate of Compliance .......................................................................... 18

i

Certificate of Service ............................................................................................19

# TABLE OF AUTHORITIES

**Cases**

*Alleyne v. United States*, 133 S. Ct. 2151 (2013).....................................................17

*Almendarez-Torres v. United States*, 523 U.S. 224 (1998) .....................................17

*Apprendi v. New Jer*sey, 530 U.S. 466 (2000) ........................................................17

*Gall v. United States*, 552 U.S. 38, 51 (2007) ..........................................................7

*United States v. Harvey*, 532 F.3d 326, 336–37 (4th Cir. 2008) ..............................8

*United States v. Knight*, 606 F.3d 171 (4th Cir. 2010) ......................................11, 12

*United States v. Massenburg*, 564 F.3d 337, 343 (4th Cir.2009) ............................12

*United States v. Medina–Campo*, 714 F.3d 232, 234 (4th Cir. 2013) .......................8

*United States v. Wallace*, 515 F.3d 327, 332 (4th Cir. 2008)..................................11

**Constitutional Provisions, Statutes, and Rules**

18 U.S.C. § 922(g)(1)...............................................................................................2

18 U.S.C. § 922(k) ...................................................................................................2

18 U.S.C. § 924(c) ................................................................................................2, 5

18 U.S.C. § 3231 ......................................................................................................1

18 U.S.C. § 3553(a) ...........................................................................................12, 16

18 U.S.C. § 3742 ......................................................................................................1

21 U.S.C. § 841 ........................................................................................................1

21 U.S.C. § 841(b)(1)(B) ........................................................................................17

28 U.S.C. § 1291 ............................................................................................1

U.S.S.G. § 4A1.2(b) .......................................................................................6

U.S.S.G. § 4A1.2(d) .......................................................................................8

U.S.S.G. § 4A1.2(e) ....................................................................................1, 8

U.S.S.G. § 4B1.1 ...............................................................................1, 5, 7, 8, 9

U.S.S.G. § 4B1.2 .........................................................................................1, 9

U.S.S.G. § 4B1.3 .........................................................................................5, 6

U.S.S.G. § 2D1.1(b)(14)(E) ..........................................................................5, 6

U.S.S.G. § 4D1.1(c)(7) ...................................................................................5

U.S.S.G. § 2K2.4 ...........................................................................................5

Fed. R. Crim. Pro. 52 (b) .............................................................................11

## STATEMENT OF SUBJECT MATTER JURISDICTION
## & APPELLATE JURISDICTION

The defendant-appellant, Fred Boadu, appeals his final judgment of conviction and sentence imposed on October 15, 2013. Mr. Boadu timely noted this appeal on October 25, 2013; he was convicted of violating 21 U.S.C. § 841 (a) (l) (possession with intent to distribute twenty-eight grams or more of cocaine base) and related offenses. The United States District Court for District of Maryland was a court of original subject matter jurisdiction pursuant to 18 U.S.C. § 3231. The United States Court of Appeals for the Fourth Circuit has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

## STATEMENT OF THE ISSUES

I.    Did the district court err in classifying Mr. Boadu as a "Career Offender," pursuant to U.S.S.G. § 4B1.1, by relying upon a conviction and sentence that fell outside the applicable time period prescribed by U.S.S.G § 4A1.2 (e) and 4B1.2 n. 3?

II.   Did the district court err in subjecting Mr. Boadu to mandatory minimum sentencing pursuant to 21 U.S.C. § 841, where the fact of his prior convictions were neither alleged in the indictment nor proven to the jury beyond a reasonable doubt?

1

## STATEMENT OF THE CASE

On April 24, 2013, the grand jury sitting in the United States District Court for the District of Maryland at Greenbelt issued a second superseding indictment against Mr. Boadu, charging him with (Count One) possession with intent to distribute twenty-eight grams or more of cocaine base in violation of 21 U.S.C. § 841 (a) (l), (Count Two) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924 (c), (Count Three) felon in possession of a firearm in violation of 18 U.S.C. § 922 (g) (l), (Count Four) possession of a firearm with an altered serial number in violation of 18 U.S.C. § 922 (k), and (Count Five) possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841 (a) (l).

On June 4, 2013, following hearings on Mr. Boadu's motion to suppress evidence and to sever, as well as the government's motions *in limine*, the matter proceeded to a five-day trial before a jury (Hon. Deborah K. Chasanow, presiding). At the trial's conclusion, Mr. Boadu was found guilty of all five counts of the second superseding indictment.

On October 15, 2013, the district court sentenced Mr. Boadu to 180 months in the custody of the Federal Bureau of Prisons as to Count One of the second superseding indictment, a consecutive term of sixty months as to Count Two, and concurrent terms of 120 months as to Count Three, sixty months as to Count Four,

2

and180 months as to Count Five, for an aggregate sentence of 240 months. The court also ordered an eight-year term of supervised release and imposed a $500.00 special assessment.

On October 25, 2013, Mr. Boadu timely noted this appeal.

## STATEMENT OF THE FACTS[1]

**I.     OFFENSE CONDUCT**

**A.     Factual Summary**

On March 1, 2012, officers from the Prince George's County Police Department executed a search warrant at 4317 57th Avenue, Apartment Nine, in Bladensburg, Maryland. When the officers knocked on the door and announced their presence, Mr. Boadu was seen to throw an unloaded .380 handgun to the ground below a bedroom window in the apartment. Officers recovered the handgun. (JA2 105-107)

When the officers entered the apartment, Mr. Boadu was found in the living area, alone. From the living room, officers recovered 8.23 grams of cocaine base, some plastic baggies, four cellphones, and two digital scales. The officers also recovered a jacket containing an identification document bearing the name "Vernandes Black, III." Inside the jacket was $2,000.00 in U.S. currency and a

---

[1] As Mr. Boadu does not here challenge the facts adduced at trial, this statement of facts is derived from the Presentence Report.

3

plastic baggie containing 10.68 grams of cocaine base. From a separate jacket was recovered an identification card bearing the name "Andre Applewhite," along with 2.2 grams of marijuana. (JA2 105-107)

From a bedroom, officers recovered a Maryland identification card bearing Mr. Boadu's picture and name, his social security card, a D.C. Department of Corrections card, 16.26 grams of cocaine base, $37,606.00 in U.S. currency, a magazine for a .380 handgun with thirteen rounds of ammunition, two digital scales with cocaine residue on them, and three cell phones. (JA2 105-107).

Approximately three weeks later, on August 31, 2012, officers from the Prince George's County Police Department stopped Mr. Boadu near his apartment and, discovering that there was an active federal warrant for him, arrested him. They recovered $1,240.00 from him and placed him in the rear seat of their police cruiser. While waiting for a tow truck to arrive to take the defendant's vehicle, officers observed the defendant moving around in the rear seat of the cruiser. Officers removed Mr. Boadu from the cruiser and searched the rear seat area, finding nothing. Officers returned Mr. Boadu to the rear seat of the cruiser, and then drove to the county jail in Hyattsville. Upon arrival, officers removed Mr. Boadu from the cruiser and again searched the rear seat. From underneath the seat cushion, officers recovered a plastic bag containing nine smaller plastic bags; in each of these was cocaine base totaling 3.71 grams. (JA2 105-107).

4

**B.    Offense Level Computation**

Upon the foregoing, the United States Probation Office found a base offense level of twenty-six pursuant to U.S.S.G. § 2D1.1 (c) (7) because the drug quantity was 38.88 grams of cocaine base. The Office also recommended the application of a two-level increase pursuant to pursuant to U.S.S.G §2DI.I (b) (l4) (E) and U.S.S.G. § 4B1.3, n. 1 and 2, finding Mr. Boadu engaged in criminal conduct as a livelihood. The Office did not recommend the application of U.S.S.G. § 2K2.4 because Mr. Boadu was convicted in Count II with violating 18 U.S.G. § 924 (c) and was subject to a mandatory sixty months consecutive to any sentence in Count I. The Office found no other adjustments applicable and, before qualifying Mr. Boadu as a "Career Offender" (below), found an Adjusted Offense Level of twenty-eight. (JA2 108).

## II.    CRIMINAL HISTORY

The Presentence Report identifies Mr. Boadu as having seven prior convictions resulting in a total of ten Criminal History points and, consequently, a Criminal History Category of V. As two of those convictions qualify as felonies involving controlled substances, however, the Presentence Report classifies Mr. Boadu as a "Career Offender" pursuant to U.S.S.G. § 4B1.1, resulting in a Criminal History Category of VI and enhancing the Adjusted Offense Level to Total Combined Offense Level of thirty-seven. It is the first of those two

convictions to which Mr. Boadu objected at in his sentencing memorandum, resulting in the following revision to the Final Presentence Report:

> Paragraph 36 has been revised to reflect the information brought to our attention by Defense Counsel. Although the defendant was originally sentenced in that case to 18 months imprisonment, it was later reduced to 12 months. We have therefore re-scored the conviction to two points, pursuant to §4A1.1 (b).

(JA2 121). The referenced Paragraph 36 and its appurtenant paragraphs provide as follows:

> 36. 11/2/2000 (Age 20) Possession of Cocaine with Intent to Distribute. Circuit Court for Prince George's County, Maryland, Case CT001869X. On 4/3/2001, the defendant was sentenced to 3 years imprisonment, all but 18 months suspended, and 3 years' probation. On 1/11/2002, sentence reduced to 12 months and defendant released same date. Probation terminated unsatisfactorily on 4/14/2006.

(JA2 108).

At sentencing, the district court rejected the Office's recommended application of a two-level increase pursuant to pursuant to U.S.S.G §2D1.I (b) (l4) (E) and U.S.S.G. § 4B1.3, n. 1 and 2. (JA1 25).

6

## SUMMARY OF THE ARGUMENTS

I.   The district court committed reversible error in classifying Mr. Boadu as a Career Offender pursuant to U.S.S.G § 4B1.1 because "the provisions of §4A1.2 (Definitions and Instructions for Computing Criminal History) are applicable to the counting of convictions under § 4B1.1," and, therefore, Mr. Boadu's thirteen-year-old conviction falls outside the time period required to classify him as a "Career Offender."

II.  The district court committed reversible error in subjecting Mr. Boadu to enhanced mandatory minimum sentencing because mandatory minimum sentences increase the penalty for a crime, and any fact that increases the penalty for a crime is an "element" of the crime that must be submitted to the jury and proven beyond a reasonable doubt.

## ARGUMENTS

I.   **THE DISTRICT COURT COMMITTED REVERSIBLE ERROR IN CLASSIFYING MR. BOADU AS A CAREER OFFENDER PURSUANT TO U.S.S.G § 4B1.1 BECAUSE "THE PROVISIONS OF §4A1.2 (DEFINITIONS AND INSTRUCTIONS FOR COMPUTING CRIMINAL HISTORY) ARE APPLICABLE TO THE COUNTING OF CONVICTIONS UNDER § 4B1.1," AND, THEREFORE, MR. BOADU'S THIRTEEN-YEAR-OLD CONVICTION FALLS OUTSIDE THE TIME PERIOD REQUIRED TO CLASSIFY HIM AS A "CAREER OFFENDER."**

### A.    Standard of Review

This Court reviews the reasonableness of a sentence for abuse of discretion, "first ensur[ing] that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007).

7

"In assessing the district court's calculation of the Guidelines range, [this Court] review[s] its legal conclusions *de novo* and its factual findings for clear error." *United States v. Medina–Campo*, 714 F.3d 232, 234 (4th Cir. 2013). "Clear error occurs when ... the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Harvey*, 532 F.3d 326, 336–37 (4th Cir.2008).

**B.    Applicable Law & Argument**

U.S.S.G. § 4A1.2 (e) provides that:

Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment **exceeding one year and one month**, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period.

Any other prior sentence that was imposed within ten years of the defendant's commencement of the instant offense is counted.

**Any prior sentence not within the time periods specified above is not counted.**

The applicable time period for certain sentences resulting from offenses committed prior to age eighteen is governed by §4A1.2 (d) (2).

(Emphasis added).

The applicability of a "Career Offender" enhancement pursuant to §4B1.1, meanwhile, depends upon the above time periods: "The provisions of § 4A1.2

8

(Definitions and Instructions for Computing Criminal History) are applicable to the counting of convictions under § 4B1.1." §4B1.2 n. 3. As the "commencement of the instant offense" in this case occurred on March1, 2012, any prior conviction to be used to qualify Mr. Boadu as a "Career Offender" must meet at least one of the following criteria:

> 1.    If the sentence imposed in the prior conviction exceeded thirteen months, the sentence must have been imposed on or after **March 1, 1997**; or
>
> 2.    If the sentence imposed in the prior conviction exceeded thirteen months, Mr. Boadu must have been incarcerated upon that sentence on or after **March 1, 1997,** regardless of when the sentence was imposed; or
>
> 3.    If the sentence imposed in the prior conviction did not exceed thirteen months, the sentence must have been imposed on or after **March 1, 2002**.

The first of two convictions used to qualify Mr. Boadu as a "Career Offender" is referenced in Paragraph 36 of the Presentence Report. As the report, itself, states:

> On 4/3/2001, the defendant was sentenced to 3 years imprisonment, all but 18 months suspended, and 3 years' probation. On 1/11/2002, sentence reduced to 12 months and defendant released same date. Probation terminated unsatisfactorily on 4/14/2006.

Thus, the sentence in that case did not exceed thirteen months and, therefore, neither the first nor the second criterion, above, apply. Rather, the third criterion applies and, since the sentence was not imposed on or after March 1, 2002 (it was

9

imposed on January 11, 2002), the sentence should count neither for Criminal History points nor to qualify Mr. Boadu as a "Career Offender." Assuming the accuracy of the balance of the Criminal History calculation, Mr. Boadu should have been assessed eight (not ten) Criminal History points and should not have been designated as a "Career Offender."

Pursuant to the Presentence Report's assessment of the Offense Conduct resulting in an Adjusted Offense Level of twenty-eight, and with Mr. Boadu's properly-calculated Criminal History points (totaling eight) resulting in a Criminal History Category of IV, the advisory guidelines range should have been 110-137 months plus the mandatory sixty months on Count Two of the Indictment. While the district court sentenced Mr. Boadu below the improperly-calculated guidelines range by imposing a sentence of 180 months on Count One and Count Five – with Count Three and Count Four to be served concurrently – as well as an additional sixty months on Count Two, that sentence constitutes an upward variance of the properly-calculated 110-137 months. Moreover, the properly calculated guidelines range straddles the mandatory minimum of 120 months applicable to Count One and Count Five.

This analysis does not include the district court's refusal to apply the "criminal livelihood" analysis as recommended by the Presentence Report. With that enhancement removed, the Total Offense Level is twenty-six and, with a

10

proper Criminal History Category of IV, the applicable advisory sentencing range is even lower, at 92-115 months.

### C.    Plain Error Analysis

While Mr. Boadu *did* object to the inclusion of the conviction referenced in Paragraph 36 (arguing that it had been reduced to a twelve-month sentence), and while the United States Probation Office reduced the resulting points from three to two, Mr. Boadu did not, at sentencing, raise the argument presented here. As such, he concedes that the issue is subject to review for plain error.[2] Fed. R. Crim. Pro. 52 (b) permits this Court to review error to which no objection was made below: "A plain error that affects substantial rights may be considered even though it was not brought to the court's attention."

As this Court pointed out in *United States v. Knight*, 606 F.3d 171 (4th Cir. 2010): "Before we will consider reversing under plain-error review, 'there must be an error, the error must be plain, meaning obvious or clear under current law; and the error must affect substantial rights." *Id.* at 177-178 quoting *United States v. Wallace*, 515 F.3d 327, 332 (4th Cir. 2008) (numbers omitted). "It is the appellant,

---

[2] "Paragraph 36 assesses the Defendant 3 Criminal History points as a result of his alleged conviction for PWID Cocaine. Although the Defendant was originally sentencing to 18 months, his sentence was subsequently reconsidered and his sentence was reduced to 12 months at a reconsideration hearing on January 11, 2002." (JA2 87)

11

not the government, who bears the burden of establishing each of these elements."

*Id.* citing *United States v. Massenburg*, 564 F.3d 337, 343 (4th Cir.2009).

While relief was denied to the appellant in *Knight*, the facts of the sentencing in this case are different. In *Knight*, the court stated:

> If the court had explicitly connected Knight's sentence to the sentence given to the other defendant-for example, by saying that it believed Knight was entitled to a similar sentence reduction-that might well have been enough to show that Knight would have received a lower sentence but for the error in calculating the advisory range. Similarly, it might have been enough to satisfy Knight's plain-error burden if the district court had explicitly connected the 60-month sentence ultimately imposed to the advisory range-for example, by stating that it intended to impose a sentence that was a certain percentage of the low or high end of the advisory range. The district court, however, made no such statements, and it is pure speculation to assign to the court's limited statements about the other defendant the meaning urged by Knight. And when we consider the entirety of the district court's statements at sentencing, it becomes apparent that the district court imposed the 60-month sentence to ensure that Knight had the opportunity to receive intensive vocational training that the court believed would benefit her.

*Id.* at 179 (internal citations and quotations omitted).

Here, the district court engaged in no such discussion. Nor did the district court rely expressly upon those factors set forth in 18 U.S.C. § 3553 (a):

> Okay. Mr. Boadu, you are before the Court for sentencing on the five counts that I reviewed at the beginning: Possession with intent to distribute 28 grams or more of cocaine base, possession of a firearm in furtherance of a drug trafficking crime, being a felon in possession of a firearm, possession of a firearm with an altered serial number, and possession with intent to distribute cocaine base on a different date. I think both counsel have, in their own way, touched on the

12

significant considerations that I have to take into account in deciding what the appropriate sentence is in this case.

Congress has given us a starting point today of what looks to you, I am certain, as a massively long sentence, the ten-year mandatory on Count One and the five-year mandatory consecutive sentence on Count Two. That's a reflection of the seriousness with which Congress takes this kind of conduct with someone of your background, that is, having already had prior convictions of the drug trafficking crimes. The quantity that triggered the mandatory minimum for Count One that was then enhanced by the prior convictions, you were just over that one, I think. It requires a finding of 28 grams. It's even higher when there are higher quantities. But that's a reflection of how serious this crack epidemic has become, and Congress' view that people who do this repeatedly need to be punished and removed from society for significant periods of time.

Similarly, the requirement that someone who has a firearm in furtherance of this drug trafficking activity is significantly more dangerous to the community than someone who isn't armed like that. And the jury found, in this instance, that you fit into that category. It doesn't take much to realize that drugs and guns are a volatile combination. And I don't remember which counsel it was, but they said, Thank goodness there weren't physical injuries to people as a result Of your possession of drugs and guns and your willingness to be dealing drugs, which is, itself, obviously dangerous. Since it's illegal, no one really has any compunction to obey the law in terms of stealing from other people, using force to get what they want. I assume that's why there was a gun to help protect you in that endeavor.

So, yes, we are lucky that you are not here having been involved in an injury to yourself or to others. And that's why the combination of drugs and guns is considered so serious by Congress, and they have decreed that a mandatory minimum must be applied. **I also, obviously, have to consider the guidelines, and the guidelines give you a, I don't know, triple hit because of the prior convictions**. **There is something we call a career offender guideline, which enhances the penalties for this type of offense if someone has a**

13

**bad criminal record, and in your case, with the two prior drug trafficking crimes, without the enhanced mandatory minimum, your career offender status, I think, would be a 34**. But because the government filed that information increasing the maximum penalty you face by virtue of that conviction, prior convictions, it raised your career offender to the very highest, that is, to a level 37.

**And it increases, and this is less significant in your case, the criminal history category to a VI because you had already gotten yourself into a Criminal History Category V just by virtue of your points for prior convictions, although you were just into Criminal History Category V by having ten prior criminal history points. And by virtue of adding those career offender guidelines, the government's position is that you should get even higher than the mandatory minimum and take you all the way up to, what, 35 years, 30 years on Count One and a 24 consecutive 60 months on Count Two.**

**Obviously, I need to decide where, between those two, if I am not going to go all the way to one side or the other, is the appropriate sentence for you**. This criminal history, which is your life history, in some sense, is not pretty. You have been finding yourself before judges, well, even as a juvenile, but I don't really count that, but since you were 19 is the first adult conviction, making a false statement to an officer. The next year, possession of cocaine with intent to distribute is one of those prior qualifying distribution convictions. Three years, all but 18 months suspended. The sentence was then reduced to 12 months, and you were released. The next conviction is 2005, just possession of an alcohol container, but probation before that had not been very successful. Possession of cocaine again in 2006, two days in prison.

And then the second possession with intent to distribute cocaine, the conviction or the sentence was in August of 2008, the arrest in 2007. That one, you got 20 years, all but 18 months suspended. Probation expired in August of 2011. During that time, we have convictions for prostitution and another possession of controlled substance. Why they didn't revoke your probation, I don't really understand. But here, you are before me now for events that happened in March and August of

14

2012 not that long after you finished the probation on that last possession with intent to distribute conviction. And even these two, you were arrested, released on the March charges, and draw attention to yourself, get arrested again in August with more crack. I don't know what it's going to take to deter you from drug dealing other than removing you from the streets. Nothing any judge has ever said to you before, nothing your mother has ever said to you before has convinced you that this isn't the way to make a living and certainly not the way to live your life.

You have told me now, This year has been an eye-opener, well, you have learned a lot, "grown a lot" is what you said, and I hope that's true. I certainly hope that's true. Because, as I say, nothing else has gotten through to you before. The realization, perhaps, that this time you are here in federal court and the minimum is going to take you away from your family for a significant period of time, maybe that's what it took to get your attention.

Frankly, that's what Congress hopes that will happen when they see what the laws are, so maybe you will learn before you get caught the third, fourth, and fifth time. Obviously, in your case, it didn't have that impact…

I am going to give you a total of 240 months. It's going to be 180 months on Count One, and the consecutive 60 months on Count Two. Count Three is 120 months concurrent. Count Four will be 60 months concurrent. And Count Five will be 180 months concurrent. The gun in this case is very significant to me. Obviously, you get the five years consecutive for Count Two, but I want you to understand that the felon in possession is somewhat important, but the altered serial number is a separate offense, and guns that can't be traced or identified are more dangerous. They probably didn't come from a lawful source, and they probably are traded in an unlawful, and, again, very dangerous manner. So I want you to understand that that particular firearm, the altered or obliterated or whatever we ended up with, serial number adds a little bit to this.

Your significant criminal history, the fact that you just don't seem to get when a judge tells you what you are facing, when a judge trusts you to succeed on probation, when you are released on pretrial release, all of that goes into my decision that the mere mandatory

15

minimum in your case is not sufficient. By the same token, you are not the worst importer or trafficker of drugs that the community has seen. You are a street dealer, someone who is necessary to make this whole thing succeed, but you are not the worst of the worst, and I am not going to give you the very massive sentence of 35 years that the government had suggested was appropriate. It's sincerely my hope that you continue to grow because you will be released, there will be a time back in the community, and you have just got to find some other way to support yourself than doing this drug dealing.

(JA1 51-58) (emphasis added).

Thus, although the district court did not impose the sentence contemplated by Mr. Boadu's incorrect status as a "Career Offender," neither did the Court expressly state that the factors set forth in 18 U.S.C. § 3553 (a) were an independent basis for the imposition of the sentence it *did* impose. Moreover, it appears that the district court's sentence was a balancing between the applicable mandatory minimum and the guidelines ("Obviously, I need to decide where, between those two, if I am not going to go all the way to one side or the other, is the appropriate sentence for you."). It follows that the error affected Mr. Boadu's substantial rights, and it is not clear that the district court would not have imposed a lower sentence based upon the properly-calculated guideline range, here presented as 92-115 months plus the mandatory sixty months on Count Two of the Indictment.

16

**II.    THE DISTRICT COURT COMMITTED REVERSIBLE ERROR IN SUBJECTING MR. BOADU TO ENHANCED MANDATORY MINIMUM SENTENCING BECAUSE MANDATORY MINIMUM SENTENCES INCREASE THE PENALTY FOR A CRIME, AND ANY FACT THAT INCREASES THE PENALTY FOR A CRIME IS AN "ELEMENT" OF THE CRIME THAT MUST BE SUBMITTED TO THE JURY AND PROVEN BEYOND A REASONABLE DOUBT.**

Mr. Boadu is aware that, pursuant to *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), the Sixth Amendment does not require that prior convictions be charged in the indictment nor proven to a jury beyond a reasonable doubt. Nevertheless, Mr. Boadu believes that, in light of *Apprendi v. New Jer*sey, 530 U.S. 466 (2000) and the more recent case of *Alleyne v. United States*, 133 S. Ct. 2151 (2013) (holding that the Sixth Amendment requires that a fact that increases the mandatory minimum sentence for a crime is an "element" of the crime that must be submitted to the jury), *Almendarez-Torres* is no longer compatible with recent Supreme Court jurisprudence. Thus, for purposes of preservation, he submits that argument before this Court.

In this case, Mr. Boadu was subjected to a mandatory minimum sentence of ten years on Count One of the Indictment pursuant to 21 U.S.C. §§841 (b) (l ) (B). (JA2 115). Mr. Boadu believes that, in light of the foregoing cases (and in consideration of the dissenting opinion in *Almendarez-Torres*), the Sixth Amendment requires that the fact of his prior convictions should have been set

17

forth in the indictment and submitted to the jury for proof beyond a reasonable doubt.

## CONCLUSION

For the reasons set forth herein, the appellant's sentence must be vacated and the case remanded to the district court for further proceedings.

## REQUEST FOR ORAL ARGUMENT

The appellant respectfully requests oral argument.

## CERTIFICATE OF COMPLIANCE

1.    This brief complies with the type-volume limitation of Fed. R. App. Pro. 32 (a) (7) (b) because this brief contains **4,569** words, excluding the parts of the brief exempted by Fed. R. App. P. 32 (a) (7) (B) (iii).

2.    This brief complies with the typeface requirement of Fed. R. App. P. 32 (a) (5) and the type style requirements of Fed. R. App. P. 32 (a) (6) because this brief has been prepared in a proportionally spaced typeface **Microsoft Word, in fourteen-point font size using Times New Roman type style**.

/s/
_____
William A. Mitchell, Jr.

## CERTIFICATE OF SERVICE

We hereby certify that, on June 10, 2014, this Brief of the Appellant was filed in electronic format with the Clerk's Office of the United States Court of Appeals for the Fourth Circuit using the Court's CM/ECF system which will send notification of such filing to:

David I. Salem
OFFICE OF THE UNITED STATES ATTORNEY
6500 Cherrywood Lane, Suite 400
Greenbelt, Maryland 20770
david.salem@usdoj.gov
*Counsel for Appellee*

                              /s/
William A. Mitchell, Jr.
William C. Brennan, Jr.
BRENNAN McKENNA MANZI
SHAY LEVAN CHARTERED
6305 Ivy Lane, Suite 700
Greenbelt, Maryland 20770
(301) 474-0044 Telephone
wbrennan@bsm-legal.com
wmitchell@bsm-legal.com
*Counsel for Appellant*

19